NATHANIEL A. TRENNT, APPELLEE, v. CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY, APPELLANT.

FILED JANUARY 13, 1922.  No. 21837.

1. **Evidence:** MARKET REPORTS.  In an action for damages on account of a delayed shipment of live stock, consigned for sale upon the market, market reports in journals such as the commercial world relies upon are competent evidence of the state of the market.  *Chicago, B. & Q. R. Co. v. Todd*, 74 Neb. 712.

2. ———.  While market reports in journals properly authenticated are competent evidence of the state of the market, it does not follow that they are the only competent evidence thereof.

3. ———: MARKET VALUES.  Where the question is as to the market value, or the state of the market, testimony of a witness who states that he does not know the market at or near the time in question, nor remember the number, kind, or class of property under consideration, or any other similar transaction, and whose

sole statement bearing upon such question is that he recollects that at the time, three years before, he and another compared the cattle and felt that in their judgment they would have been able to have gotten 25 or 50 cents a hundred-weight more the day before, is incompetent for the purpose of establishing the state of the market on either date.

APPEAL from the district court for Douglas county: CHARLES LESLIE, JUDGE. *Reversed.*

*Byron Clark, Jesse L. Root* and *J. W. Weingarten,* for appellant.

*Harry W. Shackelford, contra.*

Heard before LETTON, DAY and DEAN, JJ., BLACKLEDGE and TEWELL, District Judges.

BLACKLEDGE, District Judge.

This action was instituted by plaintiff, appellee, to recover damages on account of a delayed shipment of cattle from Mullen, Nebraska, to South Omaha, Nebraska. As an element of damage it was alleged in the petition that the shipment should have arrived at destination on October 10, and that it did not arrive until October 11, at which time the market price and value of said cattle had declined 25 cents a hundredweight below what it was on October 10. There were other allegations of excessive shrinkage and unnecessary feeding caused by the delay. The plaintiff recovered a verdict and judgment, and defendant appeals.

While differing in the estimated amount thereof, counsel for both appellant and appellee are agreed that there was a substantial amount included in the verdict as compensation for the fall in the market. This is also substantiated by the record.

On the trial of the case copies of the Daily Drovers Journal-Stockman for the dates in controversy were identified and authenticated by testimony of the publisher, and admitted in evidence as tending to show the state of the market. This was competent under the rule an-

nounced in *Chicago, B. & Q. R. Co. v. Todd,* 74 Neb. 712. So much the counsel for appellee concedes, but contends that it is not the only competent evidence thereof, to which we may readily agree. The point of serious controversy arises over the fact that said evidence shows no decline on the market in that time, and the only testimony offered in opposition was the testimony of the witness Clyde Kells. He stated, in substance, that he was the salesman who sold the cattle after their arrival; that at the time of the trial, some three years later, he could not remember or state the market for cattle on either date in question or about that time, nor remember the number, kind, or class of cattle included in this shipment, although he remembered handling the cattle, nor did he remember any similar transaction or sale. Over the objection of defendant he was allowed to state, as his recollection, that at the time the cattle were sold he and another compared them with cattle that had sold the day before and felt that they would have been able to have gotten 25 to 50 cents a hundredweight more for these cattle if they had been sold on the preceding day's market. A motion to strike out this testimony was overruled. There is no other testimony in the record tending to show any decline in the market, hence the jury must have acted, in assessing the recovery, upon this testimony as overcoming that of the published markets in the Drovers Journal-Stockman. If the testimony was competent, the jury had a right to consider it and determine its credibility.

The cattle were shipped to be sold upon the market. The question to be determined was whether there was a decline in the market for this class and grade of cattle, if a market for them existed at that time and place. Plaintiff alleges in his petition that there was such market, that it had declined within the time of the delay, and had the burden of proof upon both propositions. Testimony as to special or intrinsic value was, therefore, improper. *Boyd v. Lincoln & N. W. R. Co.,* 89 Neb. 840. In proving

value, the rule is almost universal that evidence should not be received to prove what offers have been made to sell or what prices have been asked or refused. Jones, Evidence (2d ed.), sec. 169. The evidence received in this instance did not even approximate the credibility of a *bona fide* offer. It was merely the recollection of the witness that he was of the opinion, at the time, that if he had had the property the day before he could have obtained an offer or bid higher than the price at which the property sold. Such evidence was entirely incompetent for the purpose offered, did not tend to establish the market value, and its admission was error. Since the verdict of the jury must have awarded damages based in part upon this evidence, and the amount thereof cannot be definitely determined from this record, the error was prejudicial, and the judgment is reversed and the cause remanded.

REVERSED.